145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jose de la TORRE-FLORES, aka: Javier Lopez Perez,
Defendant-Appellant.
 No. 96-50129.
D.C. No. CR 95-0755-HBT.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1998.
Decided May 5, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California, Howard B. Turrentine, District Judge, Presiding.
 
 
 2
 Before WIGGINS and KLEINFELD, Circuit Judges, and SMITH, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellant Jose de la Torre-Flores appeals his conviction for conspiracy to possess methamphetamine with intent to distribute and possession with intent to distribute. He argues that the trial judge committed prejudicial misconduct and that his trial counsel performed ineffectively. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 5
 The trial judge did not commit misconduct. We reject as frivolous appellant's arguments that the trial judge used the verb "let's" when speaking to the prosecutor, referred to each defendant simply as "defendant," and generally adopted a tone and demeanor that evinced favoritism for the government. Appellant's claim that the trial judge improperly limited cross-examination of the confidential informant also lacks merit. The judge cut off cross-examination only after defense counsel had already made substantial inquiry into collateral matters related to the informant's credibility.
 
 
 6
 Nor has appellant shown that his trial counsel performed ineffectively. Counsel's failure make an opening statement may have been an acceptable tactical decision. See United States v. Murray, 751 F.2d 1528, 1533 (9th Cir.1985). The limited cross-examination of government witnesses was appropriate in light of the extensive cross-examination by counsel for the other defendants, and the failure to object to allegedly leading questions was not objectively unreasonable. In any case, appellant has not demonstrated a reasonable probability that counsel's conduct altered the outcome of the trial. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The Honorable Fern M. Smith, District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3